**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 5 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CROW HOLDINGS, L.P.,**
**a Delaware limited partnership**

**PLAINTIFF**

v.  No. *4:21cv363-BSM*

**CROW GROUP, INC.,**
**an Arkansas corporation**

**DEFENDANT**

This case assigned to District Judge *Miller*
and to Magistrate Judge *Kearney*

**COMPLAINT**

Plaintiff Crow Holdings, L.P. files this Complaint against Defendant Crow Group, Inc.

### I.    PARTIES

1.    Plaintiff Crow Holdings, L.P. is a Delaware limited partnership having its principal place of business at 3819 Maple Avenue, Dallas, Texas 75219 ("Crow").

2.    Defendant Crow Group, Inc. is an Arkansas corporation registered in Conway County, Arkansas, and having its principal place of business at 210 N. Moose Street, Morrilton, Arkansas 72110 ("Defendant").   Defendant may be served by serving its registered agent or wherever else Defendant may be found.

### II.    JURISDICTION AND VENUE

3.    This court has jurisdiction over the subject matter under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b).   This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   This Court has pendent jurisdiction of all claims arising under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4.      Defendant regularly and systematically conduct business in the State of Arkansas and in this District by advertising and soliciting customers for the purchase and sale of goods and/or services in this District.  Accordingly, Defendant is subject to the personal jurisdiction of this Court.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts and omissions complained of herein occurred in this District.

### III.    FACTS

6.      Crow offers and provides, among other things, commercial and residential construction and development services, namely, planning, real estate site selection, laying out, management and custom construction of land, residential and commercial buildings and communities, along with real estate investment, development, and management services for commercial, residential, and industrial facilities ("Crow Services").

7.      The Crow Services are being offered by Crow in U.S. interstate commerce under its proprietary CROW HOLDINGS, TRAMMELL CROW, TRAMMELL CROW RESIDENTIAL, CROW HOLDINGS PARTNERS, CROW HOLDINGS INDUSTRIAL and CROW HOLDINGS OFFICE tradenames, trademarks and service marks in word and stylized word and design logo formats ("CROW Marks").

8.      Crow is one of several related companies in the Crow real estate investment family of companies, thereby enhancing the strong and well-known commercial presence of Crow and the Crow Services offered in commerce under its CROW Marks in the real estate industry, particularly including the real estate construction industry.

9.      Crow is the exclusive owner of all right, title, and interest in and to U.S. Trademark Registration Nos. 2,726,300, 2,322,857 and 5,970,343 for its CROW Marks, with such

registrations having issued on June 17, 2003, February 29, 2000, and January 28, 2020, respectively.

10.     Crow is also the owner of all right, title and interest in and to U.S. Trademark Application Ser. Nos. 90/078,296, 90/109,283 and 90/109,330 for the CROW Marks as used by Crow in commerce for the CROW Services, with such applications having been filed respectively with the U.S. Patent and Trademark Office on July 28, 2020, August 12, 2020 and August 12, 2020.

11.     Crow's federal trademark registrations for its CROW Marks are in full force and effect, with Crow's identified U.S. Reg. Nos. 2,726,300 and 2,322,857 having become incontestable for its Crow Services pursuant to Section 15 of the Trademark Act 15 U.S.C. § 1065.

12.     Crow adopted and has continuously used its longstanding CROW Marks in United States interstate commerce for the Crow Services since at least as early as January 1, 1950 (with respect to Crow's "TRAMMELL CROW" mark) and July 30, 1998 (with respect to Crow's "CROW HOLDINGS" mark).

13.     On May 7, 1998, Crow purchased the domain and uniform resource locator "CROWHOLDINGS.COM" ("CROW Domain"). Crow's commercial Internet website accessible via the CROW Domain is among the numerous avenues used by Crow in the marketing and sale of its CROW Services in U.S. interstate commerce. Crow's commercial website associated with its CROW Domain is interactive and customers and potential customers of Crow use such website to view and/or purchase the CROW Services. Crow uses its CROW Marks extensively throughout its CROW Domain and its commercial website associated therewith. Accordingly, the CROW Domain is a common law trademark used by Crow.

14.     Crow and its predecessors-in-interest in the Crow family of companies have used the dominant "CROW" trademark element of the CROW Marks in connection with the offering and sale of the Crow Services in U.S. interstate commerce for more than seventy (70) years, with the CROW Marks having gained valuable public recognition and fame in the United States in identifying Crow as the exclusive source of the Crow Services.

15.     Crow, through years of advertising, marketing and sale of its CROW Services under its CROW Marks, has built up at great expense and effort, a valuable reputation, fame and goodwill symbolized by the CROW Marks.   As a result of Crow's continuous and exclusive use of its extensive marketing, advertising and sales of the CROW Services under its CROW Marks, and the highly valuable goodwill and substantial secondary meaning acquired as a result, consumers have come to uniquely associate the CROW Marks with Crow, all of which would be irreparably damaged and injured by Defendant's use and registration of confusingly similar or identical marks in connection with goods substantially related to and competitive with the CROW Services.

16.     The Crow Services offered by Crow under its CROW Marks have been and continue to be recognized for excellence by consumers in the relevant trade in the United States. As a result of Crow's promotional activities and unsolicited consumer recognition, the CROW Marks have become famous in the United States in connection with the Crow Services. The relevant public therefore associates and identifies the CROW Marks with Crow and Crow derives substantial goodwill from such identification by consumers.

17.     The principal "CROW" trademark element of Crow's CROW Marks has been used in commerce for the Crow Services for many decades prior to Defendant's recent filing on February 27, 2020, of U.S. Trademark Application Ser. No. 88/812,624 for Defendant's infringing mark CROW & DESIGN ("Defendant's Trademark Application").

4

18.     Defendant has been and continues to market and sell real estate services, including real estate construction services, in U.S. interstate commerce under the marks "CROW," "CROW & DESIGN," "CROW GROUP," "CROW PAVING," "CROW CONSTRUCTION AND PAVING" and similar variations thereof (collectively, the "Infringing Marks") which are confusingly similar to the CROW Marks and which are used by Defendant in connection with services which are substantially related to and directly competitive with the Crow Services.

19.     On or about July 29, 2019, Defendant purchased the domain and uniform resource locator www.crowgrp.com ("Infringing Domain"), as evidenced by Exhibit A attached herewith (a true and correct copy of WHOIS record for the Infringing Domain).  Defendant's active commercial website is accessible via Defendant's Infringing Domain and features prominent usage of the Infringing Marks which are substantially identical and confusingly similar to Crow's CROW Marks, as evidenced by Exhibit B attached herewith (true and correct screenshot images of Defendant's website).  Defendant's ongoing infringing activities include Defendant's advertising under the Infringing Marks of services which are highly similar or substantially related to the CROW Services and which are directly competitive and overlap with the CROW Services. Defendant's list of services on its active commercial website include the providing of general construction and construction management services, all of which overlap and are directly competitive with the CROW Services.

20.     The design elements shown in Defendant's Trademark Application for registration of the mark CROW & DESIGN (one of Defendant's identified Infringing Marks) consist of a horizontal green oval with the word "CROW" centered therein in green stylized letters with a stylized design of a crow bird appearing perched on the top of the letter "O" for use with International Class 37 "general construction contracting" services which are substantially related

to and competitive with the CROW Services. A true and correct copy of the U.S. Patent and Trademark Office status record for Defendant's Trademark Application is attached herewith as Exhibit C.

21.     Defendant's Trademark Application was published for opposition in the Official Gazette of the U.S. Patent and Trademark Office on June 23, 2020.

22.     On July 23, 2020, per Exhibit D attached herewith, Crow filed a Notice of Opposition with the Trademark Trial and Appeal Board challenging and contesting Defendant's Trademark Application for CROW & DESIGN on grounds of a likelihood of confusion with and dilution by blurring of the CROW Marks caused by Defendant's use and proposed registration of such mark.

23.     On September 10, 2020, Crow made written demand (per Exhibit E attached herewith) on Defendant that Defendant cease using the Infringing Marks on the grounds of, among other things, the confusing similarity between the Infringing Marks and the CROW Marks. Despite receipt of such demand, however, Defendant has intentionally further continued to unlawfully infringe upon the CROW Marks by using the Infringing Marks in commerce for services substantially related to and competitive with the Crow Services.

## IV.     CAUSES OF ACTION

### Count 1:  Federal Trademark Infringement

24.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 23 of this Complaint as though set forth in full.

25.     Defendant is using or intends to use the Infringing Marks in connection with the offering for sale of services substantially related to and competitive with the CROW Services. In particular, Defendant is using or intends to use the Infringing Marks for services which are

6

substantially related to the CROW Services and which directly overlap with such services including, without limitation, with respect to real estate industry construction services offered by Crow. Moreover, Defendant's Infringing Marks each include the word "CROW' as the dominant or sole word element thereof so as to be substantially and confusingly identical to Crow's established name in the relevant industry for which the CROW Services are offered and which confusingly evoke the very essence of Crow's construction and real estate services offered under its proprietary and famous CROW Marks. Defendant further operates an active website under the Infringing Domain prominently featuring Defendant's Infringing Marks for purposes of online advertising of its referenced services via the Internet. The Infringing Marks are substantially identical to, or are otherwise confusingly similar to, the CROW Marks.

26.     Defendant's Infringing Marks are confusingly similar to the CROW Marks in appearance, sound and connotation, with Defendant's use of the confusingly identical dominant "Crow" word element in its marks for services which are substantially related to the CROW Services only serving to amplify the likelihood of confusion with the CROW Marks and trade off the longstanding goodwill accrued by Crow in its CROW Marks.

27.     Years after Crow began its continuous and uninterrupted use in U.S. interstate commerce of its CROW Marks for its CROW Services, Defendant began using its Infringing Marks in U.S. interstate commerce and filed Defendant's Trademark Application with the U.S. Patent and Trademark Office.

28.     Defendant's use of the Infringing Marks has been with constructive and actual notice of Crow's exclusive right to use the CROW Marks in U.S. interstate commerce for the Crow Services. Defendant has intentionally infringed upon the CROW Marks by using the Infringing Marks.

7

29.     The natural and probable consequence of Defendant's use of the Infringing Marks has been and will continue to be that the public and consumers are very likely to be confused, misled, and deceived by the similarity of the Infringing Marks to the CROW Marks, and that such persons who are seeking the CROW Services will be mistakenly led to deal with Defendant.

30.     Upon learning that Defendant was using the Infringing Marks, Crow made two separate written demands on September 10, 2020, and January 25, 2021, (per Exhibit F attached herewith) that Defendant cease using the Infringing Marks on the grounds of, among other things, the confusing similarity between the Infringing Marks and the CROW Marks.  Despite receipt of such demands, Defendant has intentionally further continued to unlawfully infringe upon the CROW Marks by using the Infringing Marks.  As a result, consumers who would ordinarily do business with Crow have likely done business with, and are likely to continue to do business with, Defendant believing they were and/or are doing business with Crow, and/or that they were and/or are obtaining the CROW Services, thereby resulting in monetary damages and lost profits to Crow.

31.     Additionally, Defendant's infringement of the CROW Marks has caused damage to Crow's goodwill, as well as other immeasurable damages.  For the harm and loss suffered by Crow, and for the harm and loss that will continue but for intervention of this Court, Crow has no adequate remedy at law.  Unless Defendant is enjoined from further infringement and unfair competition, Crow will suffer irreparable harm because the damages sustained will be immeasurable, unpredictable and unending. Moreover, the Lanham Act and applicable state law specifically provide for injunctive relief to prevent further infringement of the CROW Marks by Defendant.

32.     The Infringing Marks are substantially identical to, or are otherwise confusingly similar to, the CROW Marks.

8

33.     Defendant's aforementioned actions have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers and others as to the affiliation, connection, or association of Crow with the Defendant, or as to the origin, sponsorship or approval of Defendant's services by Crow in violation of 15 U.S.C. §§ 1114 and 1125.

## Count 2:  Federal Trademark Dilution

34.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 33 of this Complaint as though set forth in full.

35.     Given the degree of inherent and acquired distinctiveness of the CROW Marks, the duration and extent of use of the CROW Marks by Crow in connection with the Crow Services, the duration and extent of advertising and publicity of the CROW Marks, the geographical extent of the trading area in which the CROW Marks are used, the channels of trade for the services with which the CROW Marks are used, and the degree of recognition of the CROW Marks in the trading area and channels of trade used by Crow, the CROW Marks are famous and were famous at the time Defendant first began using the Infringing Marks.

36.     The acts of Defendant complained of herein dilute or cause dilution of the distinctive quality of the CROW Marks, in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).  Defendant is willfully trading on and intends to continue trading on the reputation of Crow and to dilute or cause dilution of the CROW Marks.  Crow is therefore entitled to damages resulting from Defendant's violation of the Federal Trademark Dilution Act.

## Count 3:  Violation of the Anti-Cybersquatting Consumer Protection Act

37.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 36 of this Complaint as though set forth in full.

38.     Defendant registered the Infringing Domain on or about July 29, 2019, and, on information and belief, began using the Infringing Domain sometime after July 2019. Defendant's use of the Infringing Domain did not begin until many years after Crow began using its proprietary CROW Marks.

39.     The Infringing Domain is substantially identical to, and is otherwise confusingly similar to, the CROW Marks and the CROW Domain.

40.     Defendant knew or should have known of the CROW Marks at the time it sought registration for the Infringing Domain. Further, the CROW Marks were distinctive in the relevant market at least by the time Defendant registered and began using the Infringing Domain.

41.     Defendant willfully intended to trade on Crow's well-known reputation and/or the goodwill of the CROW Marks through its use of the Infringing Domain, and otherwise intended to divert consumers and potential consumers from Crow for Defendant's own commercial gain. Defendant's registration and use of the Infringing Domain was therefore in bad faith, and Defendant otherwise has no legitimate rights in the Infringing Domain.

42.     As a result of Defendant's registration and use of the Infringing Domain, Crow is entitled to the transfer of the Infringing Domain, and the recovery of Crow's damages, Defendant's profits received as a result of the infringement, costs of court and attorney's fees pursuant to 15 U.S.C. § 1125(d)(1)(A).  Additionally, pursuant to 15 U.S.C. § 1117(d), Crow is entitled to statutory damages in at least the amount of $100,000 for each of Defendant's violations of Crow's rights under the Lanham Act and the Anti-Cybersquatting Act.

### Count 4:  Unfair Competition under the Lanham Act

43.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 42 of this Complaint as though set forth in full.

44.     Defendant's above-referenced actions further constitute unfair competition under 15 U.S.C. § 1125 and have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers and others as to the affiliation, connection, or association of Crow with Defendant, or as to the origin, sponsorship or approval of Defendant's goods and/or services by Crow in violation of 15 U.S.C. §§ 1114 and 1125.

45.     Defendant's aforementioned wrongful acts and unfair competition have caused, and are likely to continue to cause, Crow to incur substantial damages.  Accordingly, Crow seeks recovery from Defendant of all amounts it is entitled to under 15 U.S.C. § 1117(a), including without limitation: (1) Defendant's profits from the sale of each product or service marketed, advertised, sold or rendered using the Infringing Marks; (2) all damages sustained by Crow; (3) the costs of the action; and (4) an additional amount the Court considers just.

## Count 5:  Common Law Unfair Competition

46.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 45 of this Complaint as though set forth in full.

47.     The foregoing acts of Defendant constitute unfair competition, passing off, unjust enrichment, and misappropriation of Crow's trademark rights in that such acts permit, and will continue to permit, Defendant to use and benefit from the goodwill and reputation earned by Crow, for Defendant's purpose of obtaining immediate customer acceptance for services offered for sale and sold by Defendant under the Infringing Marks, on the basis of a reputation not established in Defendant's own right, and to give Defendant's goods and/or services a marketability they would not otherwise have, all at Crow's expense.

48.     Defendant continues offering services in U.S. interstate commerce which are substantially related to the Crow Services, with such services being offered by Defendant under

the Infringing Marks which are substantially and confusingly identical to the CROW Marks, with such acts by Defendant continuing to constitute acts of unfair competition, passing off, unjust enrichment and misappropriation by Defendant against Crow, thereby causing irreparable harm to Crow.

49.     The foregoing acts of Defendant accordingly constitute unfair competition, passing off, unjust enrichment, and misappropriation in violation of applicable state common law.

## Count 6:  Injunctive Relief

50.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 49 of this Complaint as though set forth in full.

51.     As set forth above, Defendant's actions in violation of the Lanham Act and their violation of applicable state law have caused, and are continuing to cause, substantial and irreparable damage to Crow for which there is no adequate remedy at law.  Crow is therefore entitled to an injunction preventing the Defendant's continued infringement, including an injunction against the Defendant's continued use of the Infringing Marks.  Defendant has improperly used and will continue to improperly use the Infringing Marks unless prevented from doing so by this Court.  While the Defendant continues to illegally use the Infringing Marks, Crow will continue to lose control over its own reputation and goodwill and the public and consumers will continue to likely be confused, misled, and deceived by the confusing similarity of the Infringing Marks to the CROW Marks.

52.     Crow requests that Defendant, its employees, representatives, agents, partners, members, shareholders, and others acting in concert with Defendant be enjoined from: (1) advertising, marketing, selling or rendering any product or service under or otherwise using or continuing to use the Infringing Marks, the Infringing Domain or any other mark or domain name

anywhere that is confusingly similar to the CROW Marks; (2) representing to any other person or entity that Defendant has authority to use the CROW Marks; and (3) representing to any person or entity that Defendant's goods or services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Crow.

### Count 7:  Attorneys' Fees

53.     Crow realleges and incorporates by reference the allegations of paragraphs 1 through 52 of this Complaint as though set forth in full.

54.     Due to the Defendant's wrongful conduct as alleged herein, Crow has retained legal representation to prosecute this action on its behalf, and will pay their reasonable attorneys' fees and expenses for prosecuting this action.  Because Defendant's actions have been willful and deliberate, this is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a) and/or applicable state law, pursuant to which Crow requests an award of its attorneys' fees, costs, and expenses incurred in prosecuting this lawsuit.

### V.     JURY DEMAND

55.     Pursuant to Fed. R. Civ. P. 38, Crow respectfully demands a trial by jury.

### VI.     RELIEF SOUGHT

56.     Crow respectfully requests that Crow be awarded the following relief from the Defendant:

(a).     That Defendant and all persons acting in concert with Defendant be preliminarily and permanently enjoined from: (1) advertising, marketing, selling or rendering any goods or services under or otherwise using or continuing to use the Infringing Marks, the Infringing Domain, or any other mark or domain name that is confusingly similar to the CROW Marks; (2)

13

representing to any other person or entity that Defendant has authority to use the CROW Marks; and (3) representing to any other person or entity that Defendant or its goods or services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by Crow;

(b).    That Defendant be ordered to immediately transfer ownership and control of the Infringing Domain to Crow;

(c).    That Defendant be required to report to Crow at least every thirty (30) days its compliance with the preliminary injunction and the permanent injunction;

(d).    That Crow receive and recover from the Defendant all of: (1) Defendant's profits from each product or service marketed, advertised or sold using the Infringing Marks; (2) all damages sustained by Crow; (3) costs of court; (4) statutory damages allowed by the Lanham Act; and (5) any additional amount that the Court determines to be just;

(e).    That Defendant be ordered to file an Express Abandonment (Withdrawal) Of Application with the U.S. Patent and Trademark Office concerning Defendant's Trademark Application for the Infringing Mark;

(f).    That Crow receive and recover from the Defendant Crow's actual damages under applicable state statutory and common law;

(g).    That the Defendant be ordered to pay Crow its reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action, including any appeal;

14

(h).   That Crow be awarded prejudgment and post-judgment interest to the maximum extent allowed by law; and

(i).   That Crow be awarded such other and further relief to which it may be justly entitled.

DATED:   May 5, 2021.

>Charles E. Phipps
>Texas Bar No. 00794457
>cphipps@lockelord.com
>Robert E. Nail
>Texas Bar No. 24025556
>RNail@lockelord.com
>A. Tucker Davison
>Texas Bar No. 24120794
>tucker.davison@lockelord.com
>LOCKE LORD LLP
>2200 Ross Avenue, Suite 2800
>Dallas, Texas  75201-6776
> (214) 740-8000
>
>
>SHULTS LAW FIRM LLP
>200 West Capitol Avenue, Suite 1600
>Little Rock, AR 72201-3621
>(501) 375-2301
>
>
>By _____
>    Steven Shults
>    Ark. Bar No. 78139
>    sshults@shultslaw.com
>
>    Peter Shults
>    Ark. Bar No. 2019021
>    pshults@shultslaw.com
>
>
>**ATTORNEYS FOR PLAINTIFF,**
>**CROW HOLDINGS, L.P.**